## GOTTSBERGER *v.* ALDINE BOOK PUB. Co.

### SAME *v.* ESTES *et al.*

### (*Circuit Court, D. Massachusetts.* December 19, 1887.)

COPYRIGHT—ABANDONMENT—PUBLICATION.

Evidence showing that plaintiff had sent a number of copies of a work to booksellers and private individuals, for examination, before acquiring a copyright, and had in one instance accepted the purchase money, constitutes a publication within Rev. St. U. S. § 4956, which provides that no person shall be entitled to a copyright unless he shall, within ten days from the publication thereof, deliver two printed copies of the book to the librarian of congress.

In Equity.    On bill for injunction.

Bills by William S. Gottsberger to restrain the Aldine Book Publishing Company and Dana Estes *et al.* from printing and publishing a work upon which complainant alleged to have a copyright.

*T. W. Clarke,* for complainant.

*S. J. Elder,* for defendants.

COLT, J.    The plaintiff, in both these cases, seeks to restrain the defendants from printing and selling a work entitled "The Ebers Gallery." He claims that he has a copyright upon the work, having deposited the title of the book in the office of the librarian of congress, at Washington, September 19, 1885, and two copies of the best edition on November 28, 1885.    The main defense to the validity of the copyright is that there was a publication of the work, by sales thereof to several parties, prior to November 18, 1885, and that, therefore, the plaintiff was not entitled to any copyright under section 4956 of the Revised Statutes.    A sale of the printed work constitutes a publication within the meaning of the statute, and it follows that if the defendants have proved such sale before November 18, 1885, the copyright must fail.    The plaintiff admits, and his books show, that 23 copies of the work were sent to different parties prior to November 18, 1885; in some cases, to booksellers; in other cases, to private individuals.    His position is that the books were sent for examination only, as shown by the letter or circular which accompanied the shipments.

At the hearing on the motion for a preliminary injunction, I expressed a grave doubt whether the facts disclosed a sale of the work by the plaintiff to Estes & Lauriat, publishers and booksellers, in Boston, prior to November 18, 1885.    But, on a more careful consideration, I am satisfied that a sale did take place prior to that date.    The circumstances were these:    On November 4th the plaintiff shipped to the firm two copies of Ebers' Gallery, sending them an invoice of the same, and stating in a letter of the same date that the copies were sent for their examination, and for the purpose or placing an order for 12 copies with the plaintiff without delay.    On November 6th, Estes & Lauriat replied that upon examination they did not care to place an order for the work, but that they would accept the two copies sent on sale.    In reply to this, the plaintiff the next day wrote directing Estes & Lauriat to return the two copies at once, and saying that he could not send them any copies on sale.    In answer to this Estes & Lauriat wrote, under date of November 9th, as follows:

"In reply to yours of the 7th would say we have returned to you the copy of Ebers' Gallery in full morocco, by express, carefully packed, and have kept the copy in half Turkey morocco."

To this letter the plaintiff made no reply.    He allowed Estes & Lauriat to keep the book, and on December 15th following drew a draft upon them for the amount due for this book, and other books.    The conduct of the plaintiff shows that he treated it as a sale of the book to Estes & Lauriat, after the receipt of their last letter.    He in no way re-

pudiated the transaction, by letter or otherwise, but proceeded, after a proper time, to collect the price of the work. Estes & Lauriat examined the book, and finally told Gottsberger they would take one copy, which he let them have, and which they subsequently paid for. Under these circumstances, I think it must be held that the sale to Estes & Lauriat was consummated on the receipt by the plaintiff of the letter of November 9th, and on his acquiescence in the same and his failure to repudiate it. In other cases, where books were sent, some nice questions present themselves as to the actual date of sale. In the case of H. H. Shepard, Kansas City, Missouri, the book was shipped October 27th, and the remittance was sent from Kansas City, November 18th, and received November 23d. Of the 23 copies sent out before November 18th, it would seem that the plaintiff treated them as sold whenever the party to whom they were sent consented to purchase.

The fact that the date of publication was advertised, in several papers, as December 1, 1885, is immaterial. The question is, when did an actual publication take place? The copyright law of the United States cannot be controlled by the publisher advertising not to publish the work before a certain date.

Ebers' Gallery is a collection of photographs illustrating the novels of George Ebers, and it contains extracts from the novels opposite the photographs. The plaintiff seeks to restrain the defendants from printing extracts from two of these novels, An Egyptian Princess, and The Emperor, on the ground that he owns the copyright in them. The evidence before me fails to prove a copyright of these books.

The bills should be dismissed, with costs, and it is so ordered.